LOREN SCHERPING AND JANE SCHERPING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scherping v. Commissioner
Docket No. 12515-90
United States Tax Court
T.C. Memo 1991-384; 1991 Tax Ct. Memo LEXIS 449; 62 T.C.M. (CCH) 434; T.C.M. (RIA) 91384; August 12, 1991, Filed *449 Loren and Jane Scherping, pro se. John C. Schmittdiel, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM OPINION This case is before the Court on respondent's motion for partial summary judgment. This case involves petitioners' tax years 1984, 1985, and 1986. In (appeal dismissed for lack of jurisdiction, 8th Cir., Nov. 28, 1990), involving the 1981, 1982, and 1983 tax years of petitioner Loren Scherping and his brother LaVern Scherping, we held that a purported May 24, 1983, transfer of farm assets from petitioner Loren Scherping and his brother to Imperial Investments, Inc. (Imperial), was a sham and that income from petitioners' farm, purportedly received by Imperial, was taxable to petitioners. Respondent's motion seeks to collaterally estop petitioners from relitigating this issue in the instant case. For the reasons discussed below, we grant respondent's motion. References to petitioner in the singular are to Loren Scherping. Section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and *450 Procedure. Respondent determined the following deficiencies in petitioners' income tax for 1984, 1985, and 1986: Additions to Tax Sec.
Sec. 6653
Sec. 6653
Sec. 6653
Sec.
Year
Deficiency
6653(a)(1)
(a)(2) (a)(1)(A)
(a)(1)(B)
6661
1984
$ 14,875
$ 744
*
$ 3,719
1985
$ 25,798
$ 1,290 **
$ 6,450
1986
$ 40,769
$ 2,038 ***
$ 10,192
In the notice of deficiency, respondent determined that Imperial was a sham lacking in economic substance, that petitioner controlled the earning of the farm income reported by Imperial in 1984, 1985, and 1986, and that such income was taxable to petitioner. Petitioners lived in Freeport, Minnesota, when the petition was filed. 1. Prior Case: Scherping v. Commissioner
In (appeal dismissed for lack of jurisdiction, 8th Cir., Nov. 28, *451 1990), we held that Imperial was not a separate taxable entity and that the purported transfer of farming assets by petitioner and his brother LaVern Scherping (petitioner's brother) to Imperial was a sham done solely to avoid Federal income tax. The case involved petitioner's 1981 to 1983 tax years. The Court found that Daniel Strohmeier, the named president of Imperial, was a mere figurehead who performed menial farm chores at the direction of petitioner and his brother, was supervised by them and James and Joan Noske, and acted entirely at their direction. The Court found incredible James Noske's testimony that the corporation made the management decisions regarding the farming operations and that petitioner was merely a laborer in the dairy farm. We concluded that petitioner and his brother continued to manage and operate the farm after the purported sale. Accordingly, we held that the purported May 24, 1983, sale of farm equipment and livestock by petitioner and his brother to Imperial was a sham, it lacked any legitimate purpose, it was done solely as a vehicle for tax avoidance, and Imperial was not, in fact, shown to have paid the nearly $ 600,000 it allegedly paid to *452 petitioner and his brother for the farm assets. Petitioner and his brother continued to manage the farm after the sale since Imperial had a puppet corporation president, Daniel Strohmeier, who was not notified of any meetings of the officers and directors of Imperial during 1983 or the remainder of his presidency. James Noske became president of Imperial in August 1987. Accordingly, we decided that the purported transfer of petitioners' farm to Imperial should be ignored for Federal income tax purposes and that petitioner was taxable on the income reported by the corporation for 1983. 2. Collateral Estoppel
Respondent argues that petitioners are collaterally estopped from denying that the transfer of their farm to Imperial was a sham which should be disregarded for Federal income tax purposes. Collateral estoppel is a particularized application of the doctrine of res judicata which prevents a party from relitigating a matter that has been litigated and determined in a prior proceeding. . "It is the essence of the doctrine of collateral estoppel that only one opportunity be given, in the normal course, to litigate *453 an issue." , affd. . Application of collateral estoppel requires that there be identity of the parties and identity of the issues, and that the controlling facts and applicable legal rules remain unchanged. , affd. . a. The Parties
The parties in this case are the same as in . b. The Facts
For collateral estoppel to apply, respondent must show that there has been no change in the controlling facts since our decision in Respondent argues that the Court has already decided that petitioner was taxable on the income reported by Imperial because the purported transfer of assets from petitioner and his brother to Imperial on May 24, 1983, was a sham and is not to be recognized for Federal income tax purposes, and the farm continued to be controlled and operated by petitioner and his brother *454 after the sale. Respondent argues that these facts remain unchanged from our prior decision in Petitioner claims that the material facts have changed in that the prior Scherping case involved tax years 1981 to 1983 and this case involves tax years 1984 to 1986. Petitioner argues that under , res judicata applies only to a subsequent proceeding involving the same claim and the same year. In , the Supreme Court said: Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in *455 the first suit. * * * [Emphasis in original.]
We disagree with petitioner's position that the controlling facts have changed. The essential controlling facts relate to whether petitioner's purported transfer of farm assets to Imperial on May 24, 1983, should be recognized for Federal income tax purposes. That issue was litigated and decided in the prior Scherping case. Under Sunnen it is an issue which is subject to collateral estoppel for a later tax year. See (classification of a trust as an association taxable as a corporation); (interpretation of partnership agreement); (allocation of payments between covenant not to compete and goodwill). Records of Imperial attached to respondent's motion and not disputed by petitioners indicated Daniel Strohmeier was president of Imperial until 1987. Petitioner makes no assertion that any facts have changed surrounding the May 24, 1983, transaction. Petitioner *456 asserts that another material factual difference is that the Scherpings milked cows in 1983 to 1985, but they no longer milk cows. Assuming this is correct, it would not lead us to a different conclusion relating to whether the purported transfer of farm assets was bona fide or whether petitioner is subject to tax on income from the farm. Finally, we note that there is no evidence of any other transfer of petitioner's farm assets to Imperial at any time after May 24, 1983. c. The Law
For collateral estoppel to apply, respondent must also show that there has been no change in the controlling legal principles since our decision in Respondent argues that the controlling legal principle here is that the taxation of an event is determined by its substance rather than its form, and that principle remains unchanged from our prior decision in Petitioner argues that the controlling principle of law has changed concerning whether income reported by Imperial may be attributed to petitioner. Petitioner's memorandum in opposition to respondent's motion asserts the following *457 facts about Imperial, which facts we assume to be true for purposes of deciding respondent's motion. Imperial was issued a notice of deficiency for its taxable years ended June 30, 1985, and June 30, 1986. Imperial filed a petition in this Court, and a decision was entered May 8, 1990, in docket No. 12532-89. The decision found that there was no deficiency in income tax due from or overpayment due to Imperial, and that no additions to tax were due under sections 6653(a)(1) and (2) and 6661. On March 14, 1988, Imperial filed its tax return for the period ending June 30, 1987. Petitioner contends that the time for assessment of tax against Imperial for that year expired on June 30, 1990. Petitioner cites , and , both decided after our earlier decision in . In , the Ninth Circuit held that the Commissioner may not adjust a shareholder's return based on an adjustment of a subchapter S corporation's return after *458 the statute of limitations has run on the corporation's return. In , the Eighth Circuit held that the expiration of the limitations period for auditing a complex trust's return bars adjustment of the amount of distributions claimed on the beneficiaries' individual returns. Petitioner argues that Imperial's tax years ending June 30, 1986, and June 30, 1987, are closed, and that income reported by Imperial in those years may not now be attributed to petitioner. We disagree. The principles of law in , and , are not the controlling legal principles here. In both Kelley and Fendell there was no dispute that the S corporation and trust were bona fide. It was undisputed that the items in question properly originated on the tax returns of the S corporation ( ) and trust ( ). In contrast, in our decision in , the issue was whether petitioner's transfer of farm *459 assets to Imperial should be recognized for Federal income tax purposes. At best, petitioners' argument based on Kelley and Fendell assumes away that issue. We disagree with that assumption. The issue of whether the May 24, 1983, transfer was a sham, and whether petitioners (instead of Imperial) should be taxed on the farm income was properly before the Court in the prior Scherping case and is properly before the Court in the instant case. d. The Issues
Petitioner argues that the previous case did not decide the taxable status of Imperial. However, petitioner and LaVern Scherping previously litigated the bona fides of the purported sale of their farm assets to Imperial. The Court decided the sale was a sham. We conclude that collateral estoppel prevents relitigation of this issue under these circumstances. 3. Petitioner's Jurisdictional Argument
Respondent's motion states that "The issue which is the subject of this motion, namely the taxable status of Imperial Investments" is the same as that decided in . Petitioner argues that this Court never had jurisdiction to adjudicate the tax *460 status or any other property interest of Imperial in , nor does it have jurisdiction to do so in this case. Our prior case decided that petitioner's transfer of farm assets to Imperial was not bona fide and should not be recognized for Federal income tax purposes. That issue is properly before the Court in this case. An appropriate order will be issued. Footnotes
*. 50% of the interest due on $ 14,875. ** 50% of the interest due on $ 25,798. *** 50% of the interest due on $ 40,769.↩